# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

  **v.**                                                                                  Case No.     11-CR-291

**KEVIN M. SCHUBERT,**

   **Defendant.**

## RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS

On December 13, 2011, a grand jury sitting in the Eastern District of Wisconsin returned a one-count indictment against Kevin M. Schubert ("Schubert"). The indictment charges that Schubert, on or about November 14, 2011, possessed two firearms as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was arraigned on the charge and entered a plea of not guilty. A final pretrial conference is scheduled for March 7, 2012 and a jury trial is scheduled for March 19, 2012 before the Honorable William C. Griesbach.

Before the Court is the defendant's motion to suppress evidence obtained from the execution of a search warrant of his car. Defendant argues the affidavit in support of the search warrant was facially invalid and without a valid affidavit, the search warrant fails for lack of probable cause. (Def.'s Br. at 6, Docket # 12.)

The motion has now been fully briefed and is ready for resolution. For the reasons that follow, I recommend that Schubert's motion to suppress be denied.

## FACTS

The facts material to the resolution of this motion are largely agreed upon by the parties

and no evidentiary hearing was requested. On November 13, 2011, law enforcement officers were called to a residence in the Town of Riverview in Oconto County, Wisconsin by Julie Fagerstrom on a "domestic disturbance possibly involving a firearm." (Docket # 12 at 2; Ex. 1, Docket # 12-1.) Fagerstrom, who had an "on-and-off domestic relationship" with Schubert, told law enforcement that Schubert had pushed her and that she wanted him to leave the residence. (Docket # 12 at 2.) Fagerstrom also told law enforcement that while Schubert was packing she saw him place three guns inside his car. (*Id.*) Law enforcement took Schubert into custody when they arrived on the scene. (*Id.* at 3.) Schubert declined a request from law enforcement to search his car. Law enforcement arranged for the car to be towed to the Oconto County Sheriff's Department impound yard. (*Id.*)

On November 14, 2011, Investigator Keith Johnson of the Oconto County Sheriff's Department prepared a search warrant requesting to search Schubert's car for firearms, archery equipment, "or any other items found to be contraband" which either were used in the commission of or may constitute evidence of the crimes of felon in possession of a firearm and failure to attach an ear tag to a deer carcass, in violation of Wis. Stats. §§ 941.29(2) and 29.347(2). (*Id.*; Pl.'s Resp. Br. at 2, Docket # 13.)

Investigator Johnson prepared an affidavit in support of the search warrant. (Docket # 13 at 2.) Investigator Johnson attached a police report to the affidavit providing the details of the November 13, 2011 incident involving Schubert. (*Id.*) The report was prepared by another officer. Investigator Johnson appeared before an Oconto County Circuit Court Judge on November 14, 2011 and signed the affidavit form. (Docket # 12 at 4; Docket # 13 at 2.) Later that same day, Investigator Johnson executed the warrant. (Docket # 12 at 5; Docket # 13 at 2.) Among the items seized from Schubert's vehicle were the two firearms Schubert is charged with possessing in the indictment. (*Id.*)

## ANALYSIS

**Applicable Law**

The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

To determine whether to suppress evidence obtained pursuant to an allegedly defective search warrant, the court employs a sequential two-step test. *See United States v. Koerth*, 312 F.3d 862, 866 (7th Cir. 2002). First, the court determines whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant. *United States v. Lloyd*, 71 F.3d 1256, 1262 (7th Cir. 1995). Second, if the court concludes that the warrant was not supported by probable cause, it asks whether the warrant is nonetheless saved by the good faith exception to the exclusionary rule. *United States v. Leon*, 468 U.S. 897, 920-24 (1984).

An affidavit establishes probable cause when it alleges facts sufficient to induce a reasonably prudent person to believe that a search will uncover evidence of a crime. *United States v. Peck*, 317 F.3d 754, 756 (7th Cir. 2003). The Supreme Court has explained that: "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Though the affiant need not state each and every detail of the suspected crime, mere conclusory statements are insufficient. *See United States v. Reddrick*, 90 F.3d 1276, 1280 (7th Cir. 1996). The affidavit must contain sufficient

evidence to enable the magistrate to exercise independent judgment rather than simply ratifying the conclusions of others. *Gates*, 462 U.S. at 239.

A reviewing court must read the affidavit in a realistic and common sense manner, determining whether it alleges specific facts and circumstances that would permit the issuing magistrate to reasonably conclude that the evidence sought to be seized was associated with the crime alleged and located in the place indicated. *Koerth*, 312 F.3d at 866-67 (citing *United States v. Spry*, 190 F.3d 829, 835 (7th Cir. 1999)). A court should give a magistrate's determination of probable cause considerable weight and resolve doubtful cases in favor of upholding the warrant. *United States v. Quintanilla*, 218 F.3d 674, 677 (7th Cir. 2000).

A court's duty in reviewing a judicial officer's previous probable cause finding is simply to ensure that the judicial officer had a substantial basis for concluding that probable cause existed. *Gates*, 462 U.S. at 238-39. When an affidavit is the "only evidence presented to the warrant-issuing magistrate, 'the warrant must stand or fall solely on the contents of the affidavit.'" *Koerth*, 312 F.3d at 866 (quoting *United States v. Roth*, 391 F.2d 507, 509 (7th Cir. 1967)).

**Application To This Case**

In this case, the defendant argues that the affidavit in support of the warrant is facially invalid for several reasons: (1) it is factually inaccurate; (2) it includes boilerplate-only and conclusory statements regarding reliability; and (3) it violates the oath requirement of the Fourth Amendment by attaching a non-sworn report (authored by someone other than the affiant) in lieu of any sworn statement supporting probable cause. I will address each argument in turn.

*Attachment of Police Report*

It is most logical to start with the fundamental issue presented in this case. Other than the fact of the defendant's prior conviction, the facts supporting the application for the warrant are not in the affidavit. Rather, they are found in a police report stapled to the affidavit. The defendant argues that the stapling of an unsworn police report (written by someone other than the affiant) violates the oath requirement of the Fourth Amendment. (Docket # 12 at 6.) Thus, the defendant's challenge is two-fold. First, is stapling an incident report (that was prepared by a law enforcement agent who is not the affiant) to the affidavit sufficient to pass constitutional muster? In other words, can probable cause be established by incorporating a separate document into the affidavit? Second, does the fact that the affiant did not prepare the attached report violate the oath requirement?

The dearth of case law on the questions presented here underscores the fact that law enforcement officers commonly submit the facts in support of probable cause in the body of the affidavit. However, it is not uncommon for warrants to have attachments. *See, e.g.*, *United States v. Hills*, 618 F.3d 619, 633 (7th Cir. 2010); *In re Search of Office of Tylman*, 245 F.3d 978, 981 (7th Cir. 2001); *United States v. Hunter*, 86 F.3d 679, 681-82 (7th Cir. 1996). But the cases usually concern whether the affidavit itself is incorporated into the search warrant. *See Groh v. Ramirez*, 540 U.S. 551, 557-58 (2004); *Hills*, 618 F.3d at 633; *United States v. Sims*, 553 F.3d 580, 582 (7th Cir. 2009); *United States v. Stefonek*, 179 F.3d 1030, 1033 (7th Cir. 1999); *United States v. Jones*, 54 F.3d 1285, 1290 (7th Cir. 1995). The teaching from these cases is that incorporation is acceptable so long as the affidavit is expressly incorporated by reference into the warrant. "We do not say that the Fourth Amendment prohibits a warrant from cross-referencing other documents. Indeed, most Courts of Appeals have held that a court may construe a warrant with reference to a supporting application or affidavit if the

warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant." *Groh*, 540 U.S. at 557.

However, the distinct question presented here is not the propriety of incorporating an affidavit into a warrant, rather the propriety of incorporating another document into the affidavit. Other courts have confronted this very question. For example, in *United States v. Lingenfelter*, 997 F.2d 632, 639 (9th Cir. 1993), in applying for a search warrant, in support of probable cause, the affiant submitted an affidavit together with a stapled unsworn expert statement. As in this case, the defendant challenged the judge's reliance on the unsworn expert statement which was stapled to the affidavit. The district court found that the affiant "collectively swore" to all the documents and that the expert statement was incorporated into the affidavit and formed part of the basis of the magistrate judge's probable cause determination. *Id*. The Ninth Circuit upheld the district court. It found that "construing the affidavit in a common sense and realistic manner," the expert statement was incorporated into the affidavit. So, as long as the incorporated document and affidavit are submitted as a packet to the issuing judge at the time of the oath, they are considered as a single document or a collective in support of probable cause. *C.f. United States v. Guzman*, 507 F.3d 681, 684-85 (8th Cir. 2007)(upholding district court's finding that affidavit supporting warrant lacked probable cause because incident report had not been incorporated into the affidavit; however, agreeing the *Leon* good faith exception salvaged the search despite the affidavit's insufficiency).

Applying these principles to this case, I find that the police report was incorporated into the affidavit. The police report was expressly referenced in the affidavit. (Ex. 1, Docket # 12-1)("Please also see attached report in support of this Search Warrant"). It was also attached to the affidavit. And more importantly, it was presented to the issuing judge as a packet in support of probable cause.

Having found no authority prohibiting such incorporation, I cannot conclude that the affidavit in the form presented here is constitutionally invalid. Accordingly, I find no bar to the issuing judge construing the affidavit and the attached report as one document in support of the search warrant.

I next turn to the second part of the defendant's challenge: whether the affidavit presented in this specific form violates the oath requirement of the Fourth Amendment. As discussed above, the report is incorporated into the affidavit both by reference and by its attachment to the affidavit. As such, it is construed as one document in support of the warrant. Consequently, when the affiant swore before the judge, he "collectively swore" to the documents in support of probable cause. *See Lingenfelter*, 997 F.2d at 639; *see also United States v. Brooks*, 303 F.2d 851, 852 (6th Cir. 1962).

The defendant argues that Investigator Johnson had no personal knowledge to swear to since the report was not authored by him and he was not present on the scene. That is correct. However, Investigator Johnson made his affidavit "on information, belief, and personal knowledge." The information sworn to need not be obtained solely from personal knowledge or observations. An affiant can rely on hearsay and information from other officers. *United States v. Spears*, 965 F.2d 262, 277 (7th Cir. 1992); *United States v. DiNovo*, 523 F.2d 197, 200 (7th Cir. 1975). Therefore, it is not constitutionally fatal that he swore to information obtained from other law enforcement in support of the warrant.

*Reliability*

Next, the defendant argues that the affidavit fails to establish the reliability of the information submitted in support of the warrant. The defendant is correct to take the affidavit to task on this point. Other than a conclusory statement that the "information is presumed reliable as a police informant, and on information provided by the Oconto County Sheriff's Department," the affidavit

states nothing more. The affidavit does not even contain the usual information about the affiant's training and experience and that of the officer who prepared the police report on which it relies.

However, this shortcoming does not defeat the probable cause finding. In determining whether probable cause exists, a judge is entitled to regard an affiant's fellow law enforcement officers as reliable sources. *Spears*, 965 F.2d at 277 (citing *United States v. Griffin*, 827 F.2d 1108, 1112 (7th Cir.1987), *cert. denied*, 485 U.S. 909 (1988)). "Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number." *United States v. Ventresca*, 380 U.S. 102, 111 (1965).

The defendant also argues that there is nothing in the four corners of the affidavit regarding the reliability of the fact witnesses. While that is true, this argument does not factor that the police report is incorporated into the affidavit and that the judge reviewed probable cause on the entire packet presented. Thus, based on the information provided in the entire packet, specifically the police report, the issuing judge had sufficient information to find the fact witnesses reliable.

When the affidavit includes information from a police informant, the court considers the following: 1) the extent to which the police have corroborated the informant's statements; 2) the degree to which the informant has acquired knowledge of the events through firsthand observation; 3) the amount of detail provided; and 4) the interval between the date of the events and the officer's application for the search warrant. *Koerth*, 312 F.3d at 866.

On the other hand, the court treats information from a citizen witness differently. This is because a citizen witness is "'inherently more reliable than the usual police informants who are often mired in some criminal activity themselves.'" *Edwards v. Cabrera*, 58 F.3d 290, 294 (7th Cir. 1995) (quoting *United States v. Towns*, 913 F.2d 434, 441 (7th Cir. 1990)). Information provided by victims

of crimes is also treated differently by the court. In the absence of reasonable suspicion that the victim has a reason to fabricate, such information is ordinarily sufficient to establish probable cause. *Hebron v. Touhy*, 18 F.3d 421, 422-23 (7th Cir. 1994).

Here, the main fact witness was neither an anonymous tipster nor an informant, but the defendant's girlfriend, who was the alleged victim of the domestic disturbance. She stated that she had been in a relationship with the defendant for approximately twelve years. Her relationship with the defendant well placed her in a position to know the things she alleged to know about the defendant. Additionally, the information she provided was from first-hand observation: she observed the defendant place guns in his vehicle. Though hearsay may be used to establish probable cause, first-hand observations carry greater weight. *United States v. Pless*, 982 F.2d 1118, 1125 (7th Cir. 1992).

Moreover, her statement was corroborated. The defendant himself corroborated the nature of the relationship in his statement to the police. The police, for their part, recovered from a search of the defendant ammunition matching the guns described by the girlfriend. Finally, another witness, a minor, also corroborated the girlfriend's report. The minor reported that he and the defendant had target-practiced with the shotgun and he also observed the defendant shoot the deer three or four days prior with a bow. Based on the totality of this information, the issuing judge was entitled to rely on this information in finding probable cause to issue the warrant.

Furthermore, the incident report is a mere two pages long. As such, the issuing judge did not have to search through dozens of pages to independently assess the reliability of the witnesses. So, no concern exists that the facts in support of probable cause could have been hidden from the issuing judge or inadvertently missed by him. In the end, in this case, it would be giving the "correctness of paper forms a higher status than substantive rights" to find that the affidavit was not supported by

probable cause because the facts in support of probable cause was attached to the affidavit rather than copied within the body of the affidavit. *See Groh*, 540 U.S. at 565 n.9.

*Factual Inaccuracy*

Lastly, the defendant argues that the factual inaccuracy in the affidavit renders it insufficient. The affidavit states, "Kevin M. Schubert was convicted in Outagamie County of Felon Possessing a Firearm in Outagamie County case number 2011CF404 on November 5, 2002." The defendant argues that he could not have been convicted of a 2011 felony in the year 2002. Moreover, the case number does not correspond to a conviction for the defendant but rather to an entirely different person. Schubert, therefore, argues that the affidavit fails to establish that he was convicted of a predicate felony that would prohibit him from possessing a firearm and thus fails to establish probable cause.

The government concedes that the affidavit inaccurately cites the case number as 2011CF404, rather than 2001CF404, the correct number. The government further argues, error notwithstanding, the affidavit accurately indicates that the defendant was convicted of Felon in Possession of a Firearm in Outagamie County on November 5, 2002. I agree.

A typographical error in the affidavit does not ordinarily render a search warrant invalid. *See United States v. Jones*, 208 F.3d 603, 608 (7th Cir.2000). A search warrant that contains incorrect information is still valid "if the other information in the application, standing alone, is sufficient to establish probable cause." *United States v. Markling*, 7 F.3d 1309, 1316 (7th Cir. 1993). "Even deliberately inaccurate representations do not invalidate a warrant if the truthful statements establish probable cause." *United States v. Ferra*, 948 F.2d 352, 353 (7th Cir.1991), *cert. denied*, 504 U.S. 910 (1992). Here, excising the incorrect case number, the affidavit establishes that the defendant was

convicted of a felony offense, Felon in Possession of a Firearm, in Outagamie County on November 5, 2002. Stated differently, although the affiant got the case number wrong, he got the fact of the prior felony conviction right. This is sufficient to establish that a predicate felony exists which prohibits the defendant from possessing a firearm.[1]

In sum, though the affidavit presented in this case is far from a text book example of a well-drafted affidavit and is atypical of those customarily reviewed by this Court, the Court must yield to the Supreme Court's admonishment for reviewing sufficiency of affidavits:

> [W]e have repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review. A magistrate's "determination of probable cause should be paid great deference by reviewing courts." "A grudging or negative attitude by reviewing courts toward warrants," is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant[;] "courts should not invalidate [warrants] by interpreting [affidavits] in a hypertechnical, rather than a commonsense, manner."

*Gates*, 462 U.S. at 236 (internal citations omitted). In this case, based on the information presented in the affidavit and in the incorporated police report, the issuing judge had a substantial basis for concluding "that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." *Id.* (citing *Jones v. United States*, 362 U.S. 257, 271 (1960)).

Finally, because I find that the warrant was supported by probable cause, I need not address whether *Leon*'s good faith exception to the exclusionary rule applies.

**NOW, THEREFORE, IT IS RECOMMENDED** that the defendant's motion to suppress (Docket # 11) be **denied**.

---

[1] Courts have upheld more egregious typographical errors. *See United States v. Jones*, 600 F.3d 847, 852-53 (7th Cir. 2010)(finding incorrect citation in warrant affidavit requesting wiretap to executive order that had been rescinded and replaced by new executive order not sufficient to invalidate an otherwise proper warrant); *Jones*, 208 F.3d at 608 (upholding warrant that listed incorrect address to be searched in affidavit).

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), and Federal Rule of Criminal Procedure 59(b)(2) (as amended effective December 1, 2009), whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of the date of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 28th day of February, 2012.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge