UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                                  Case No. 11-CR-291

KENNETH M. SCHUBERT,

        Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION ON
DEFENDANT'S MOTION TO SUPPRESS**

Defendant Kevin M. Schubert is charged with possession of two firearms as a previously convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Schubert has filed a motion to suppress the two guns and other evidence that were obtained from the execution of a search warrant on his car. He contends that the warrant is invalid because the affidavit upon which it is based fails to establish probable cause and violates the oath or affirmation requirement of the Fourth Amendment.

As is the practice in the district, the pretrial proceedings in the case were conducted before the United States Magistrate Judge assigned to the case. On February 28, 2012, Magistrate Judge Nancy Joseph issued her recommendation on the defendant's motion to suppress. Based upon a thorough discussion of the issues, Magistrate Judge Joseph recommended that the motion be denied. Schubert filed a timely objection, and the matter has been fully briefed. Having considered

the recommendation, objections, and arguments of counsel, I now adopt the magistrate judge's reasoning and recommendation in full. I write further only to add several observations.

First, notwithstanding Schubert's criticism of the actions of the Oconto County Sheriff's Department investigators, it appears that they went above and beyond any constitutional command in obtaining a search warrant in the first place. At the time they arrested Schubert for the domestic violence offense at the home of his girlfriend, it is clear that the Oconto County Deputy on the scene had probable cause to believe that Schubert, a previously convicted felon, had several firearms in his vehicle. Under the well-established automobile exception to the warrant requirement, the deputy therefore could have lawfully conducted a search of Schubert's vehicle without even applying for a search warrant. *See California v. Carney*, 471 U.S. 386, 392 (1985)(holding that automobile exception allows vehicles that are being used on the highway or are readily capable of such use to be searched without a warrant "so long as the overriding standard of probable cause is met."); *see also United States v. Ries*, 906 F.2d 284, 290 (7th Cir. 1990)(holding that automobile exception to warrant requirement is not inapplicable merely because an automobile is parked as a residence.). A warrantless search may also have been permissible as an inventory search, assuming Oconto County Sheriff's Department maintained a policy of inventorying property from impounded vehicles. *See Colorado v. Bertine*, 479 U.S. 367 (1987). Thus, it would appear that by seeking a warrant, Oconto County investigators were more solicitous of Schubert's privacy interest than the law otherwise required. Though not relevant to the issues raised by Schubert concerning the validity of the warrant, this fact is worth considering in evaluating whether the Oconto County Sheriff's Department officers were acting in good faith.

The application for the warrant was made by Oconto County Sheriff's Department Investigator Keith Johnson. In support of his application, Investigator Johnson submitted his own affidavit wherein he described the vehicle he sought to search, its location, and the items of evidence and/or contraband he believed he would find in the vehicle. In a section of the affidavit setting forth "the facts tending to establish the grounds for issuing a search warrant," Investigator Johnson stated:

> he is an investigator with the Oconto County Sheriff's Department and he makes this affidavit on information, belief, and personal knowledge, his information is presumed reliable as a police informant, and on information provided by the Oconto County Sheriff's Department, this information is presumed reliable because it is form affiant's own police agency which agency affiant believes is reputable and reliable.
>
> Kevin M. Schubert was convicted in Outagamie County of a Felon Possessing a Firearm in Outagamie County case number 2011CF404 on November 5, 2002.
>
> Please also see attached report in support of this Search Warrant.

(ECF 12-1 at 3.) Attached to the affidavit was the two-page, single-spaced, typed report of Deputy Todd Skarban dated November 14, 2011, recounting his interaction with and arrest of Schubert the previous day for a domestic violence offense at the home of Julie Fagerstrom. Schubert argues that the affidavit is facially insufficient to establish probable cause.

In support of his motion to suppress, Schubert first argues that the affidavit is factually inaccurate. The affidavit stated that "Kevin M. Schubert was convicted in Outagamie County of Felon Possessing a Firearm in Outagamie case number 2011CF404 on November 5, 2002." Schubert notes that the statement is clearly incorrect since he could not have been convicted of a 2011 felony in 2002. The correct case number, it appears, is 2001CF404. Schubert notes that Outagamine County Case Number 2011CF404 refers to a case involving a defendant named Gionte

3

D. Hart. Because the case number cited in the affidavit has nothing to do with him, Schubert argues that the affidavit fails to establish probable cause to believe he committed a prior felony that would prohibit him from possessing a firearm. Absent sufficient information to establish this fact, he contends the warrant is invalid and the evidence seized in executing it must be suppressed.

The fact that the affidavit listed the incorrect case number is not fatal. There is no requirement that the case number be listed at all. What is required, and what Schubert does not dispute is that he was previously convicted of a felony. Even if the case number was required, typographical errors such as this do not typically render a warrant invalid. *See United States v. Jones*, 208 F.3d 603, 608 (7th Cir. 2000)(holding that argument that a typographical error in listing of address in warrant affidavit renders warrant invalid "specious at best"). I agree with Judge Joseph that this type of error does not affect the substance of the affidavit and thus is not fatal.

Schubert's more serious argument is that the warrant violates the oath or affirmation requirement to the Fourth Amendment because the primary factual information upon which a determination of probable cause was required to be made, indeed all of the information with the exception of his prior conviction, was included in an attached police report that was not separately sworn to under oath. Instead, the police report was incorporated into the affidavit by reference. Schubert argues that stapling the unsworn police report to the affidavit violates the oath requirement of the Fourth Amendment that "no warrant shall issue, but upon probable cause, supported by oath or affirmation . . . ." U.S. Const., amend. IV.

In rejecting this argument, Magistrate Judge Joseph noted it was not uncommon for warrants to have attachments. When the attachment is incorporated into the affidavit, the two are construed as one document and the affiant is deemed to have collectively sworn to the documents

4

in support of probable cause. (Recommendation at 7 (citing *United States v. Lingenfelter*, 997 F.3d 632, 639 (9th Cir. 1993).) Even though Investigator Johnson had no personal knowledge of the information in the attached report, Judge Joseph noted that his affidavit was made "on information, belief, and personal knowledge" and it is permissible for an affiant to rely on hearsay and information from other officers. (*Id.* (citing *United States v. Spears*, 965 F.2d 262, 277 (7th Cir. 19920; *United States v. DiNovo*, 523 F.2d 197, 200 (7th Cir. 1975).) Judge Joseph concluded that it was therefore "not constitutionally fatal that [Investigator Johnson] swore to information obtained from other law enforcement in support of the warrant." (*Id.*)

In his objection to Magistrate Judge Joseph's Recommendation, Schubert argues that *Lingenfelter* is distinguishable because in that case the attachment was simply an expertise statement addressing the qualifications, or reliability, of a drug-sniffing dog. The dog sniff was not the only basis for probable cause, and the fact of the dog's alert and the other evidence was recounted in the affidavit. Thus, in that case the attachment addressed the reliability of only a part of the information set forth in the affidavit. Here, by contrast, Schubert argues that all of the facts needed to support a finding of probable cause, other than the fact of his prior conviction, were contained in the unsworn report; the affidavit dealt only with reliability, but even as to that it failed to name any individual as a source of information and was entirely conclusory in form. Such a procedure, Schubert contends, robs the Fourth Amendment's oath or affirmation requirement of any meaning. Because the affiant is not swearing to anything within his own knowledge, he cannot be held accountable if it turns out that the report he attached to his affidavit is untruthful. In essence, he contends, no one is swearing to anything and thus, no one is putting anything on the line. "An oath to somebody else's words is no oath at all . . .." (Objection, ECF 17, at 6.)

5

Schubert's argument has some support in the law. In *People v. Leonard*, for example, the California Court of Appeal held invalid a search warrant that was issued on the basis of an affidavit that contained no factual allegations of its own but simply referred to a separate unsworn statement of probable cause: "Because the 'Statement of Probable Cause' was not tethered to a declaration under oath that the facts contained therein were true, it cannot support the warrant." 50 Cal. App. 4th 878, 884, 57 Cal. Rptr. 2d 845 (Cal. App. 1996). Interestingly, some twenty-three years earlier, in *People v. Sloss*, the same court rejected what appears to be the same argument as "inappropriate," describing it as "extremely technical" and "formalistic." 34 Cal. App. 3d 74, 82, 109 Cal. Rptr. 583 (Cal. App. 1973). In *State v. Wegrzyn*, the Missouri Court of Appeals held that a deputy sheriff's notarized application for warrant which was based entirely on document signed by police officer that was not dated, not verified by oath, and not properly notarized was sufficient. Similarly, in *Commonwealth v. Bass*, 24 Mass. App. 972, 512 N.E.2d 519 (1987), an affidavit for a search warrant, properly verified, incorporated the contents of attached documents. The attachments were not in affidavit form. They were not sworn to and they contained no jurat. The trial court held that those deficiencies invalidated the warrant. The Massachusetts Appeals Court reversed that holding and upheld the warrant and the search made pursuant to it. The court held that the attached documents were properly incorporated into the affidavit, itself in proper form, and that it was of no moment that the attachments were not sworn to or contained no jurat. *See also People v. Campbell*, 678 P.2d 1035, 1040 (Colo. App. 1983) ("However, documents attached to and incorporated in an affidavit by reference need not be sworn to separately and may thus fall within the four corners of the affidavit.").

As a general matter, federal courts, too, have held that attached documents that are properly incorporated into an affidavit can be considered in determining whether probable cause exists and that it is of no moment that the attachments were not sworn to or contained no jurat. *See, generally, United States v. McCoy*, 781 F.2d 168, 172 (10th Cir. 1985); *United States v. Berisford*, 750 F.2d 57, 58 (10th Cir. 1984); *United States v. One Olivetti Electric 10–Key Adding Machine*, 406 F.2d 1167, 1168 (5th Cir. 1969). But in most cases, the attachment is not the sole source of information needed to establish probable cause, or the affiant is the author of or has direct knowledge of the facts set forth in the attachment. Here, there is no showing that Investigator Johnson had any direct knowledge of the facts set forth in the attached report.

Yet, it is not uncommon for law enforcement officers to obtain a search warrant based on an affidavit that expressly includes hearsay that is not itself given under oath or affirmation. Police affidavits made in support of search warrant applications generally recount information they obtain from citizen witnesses, other police witnesses, or even unidentified informants. There is no requirement that the affiant have direct knowledge of all of the facts essential to support a finding of probable cause. Nor must the probable cause determination be based only on evidence that would be admissible at trial. *Brinegar v. United States*, 338 U.S. 160, 173 (1949); *see also U.S. v. Ventresca*, 380 U.S. 102, 107 (1965)(holding that finding of probable cause may rest upon evidence which is not legally competent in a criminal trial).

Had Deputy Johnson identified Deputy Skarban in his affidavit and recounted the specific information he had obtained from him, Schubert could not reasonably complain. That is the more common way in which the information used to support an application for a search warrant is submitted to the issuing magistrate. Instead, Investigator Johnson attached the complete report of

7

Deputy Skarban, which specifically recounted that information. Deputy Johnson did not simply staple the report to his affidavit, however; his affidavit expressly incorporated Deputy Skarban's report and stated under oath that the information was provided by the Oconto County Sheriff's Department, his own agency, which he believed to be reliable.

There can be no doubt from a review of Deputy Skarban's report that it sets forth more than sufficient information to establish probable cause. The report recounts Skarban's interaction with the defendant at the home of Julie K. Fagerstrom, whom he knew from previous police contacts. He interviewed Julie's son and also Schubert himself. Julie stated that she had seen Schubert place long guns in his vehicle and her son corroborated that Schubert had taken possession of the guns as well. In addition, the report states that a search of Schubert revealed that he had ammunition in his pockets. At the scene, Schubert himself did not deny the existence of the guns, but refused to consent to a search of his vehicle. The information provided by known citizen witnesses and recounted by a police officer had sufficient indicia of reliability on its face to support a finding of probable cause. *See Illinois v. Gates*, 462 U.S. 213, 233-34 (1983); *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000). Corroborated as it was by the existence of ammunition in the defendant's pockets, it is clear that the issuing judge had more than sufficient information beforehand to make a proper probable cause determination.

In essence, Schubert's complaint comes down to the form of the warrant. Rather than expressly recounting the information provided by Deputy Skarban in his affidavit, investigator Johnson simply incorporated the full report in his affidavit and indicated he was relying upon the information in the report that he believed reliable. A common sense reading of the affidavit is that Investigator Johnson swore under oath that he had reliable information that Schubert had illegally

8

possessed firearms and evidence of the crime, namely, one or more firearms, was in the trunk of his car. The information consisted of a check of Schubert's record and the observations of Deputy Skarban, Julie Fagerstrom and her son that Deputy Skarban recounted in his report and that Investigator Johnson, in turn, incorporated into his affidavit by reference. On its face, the information was not of a kind that required special skill or training to provide, and it came from named citizen witnesses and law enforcement officers, who are presumed reliable even absent a prior history of providing reliable information.

To be sure, the affidavit reflects the mechanical use of a form containing boilerplate language to convey the quality and quantity of information needed to justify an intrusion into the privacy protected by the Fourth Amendment. Why Investigator Johnson did not incorporate the substance of the information received from Deputy Skarban into the body of his affidavit is unclear from the record. Perhaps Investigator Johnson is not a proficient typist and didn't feel comfortable writing out the substance of what Deputy Skarban reported in the body of his affidavit by hand. Perhaps he had an emergency or other calls to attend to. Perhaps he was just lazy. Ultimately, as long as the affidavit, as a whole, reasonably conveyed by oath or affirmation sufficient information to support a finding that evidence of a car would probably be found in Schubert's car, the requirements of the Fourth Amendment were satisfied. While not the typical or even preferred way of establishing probable cause, Schubert has cited no authority supporting his argument that it is patently invalid. For these reasons, I conclude that the affidavit was sufficient to establish probable cause and the warrant was valid.

But even if the warrant were invalid, the officers' good faith reliance upon it would preclude granting defendant's motion to suppress. The good faith exception to the exclusionary

rule recognized by the Supreme Court in *United States v. Leon*, 468 U.S. 897, 920-24 (1984), would apply. As noted above, law enforcement showed substantial concern for Schubert's rights by seeking a warrant when they likely did not need one initially. Investigator Johnson presented his application to a state judge who reviewed it and issued the warrant. And as the above discussion shows, the case law is at least divided on the issue.

Schubert argues that the *Leon* good faith exception does not apply because *Leon* dealt with the substantive issue of whether the facts known by the officers were sufficient to establish probable cause, whereas in this case the defect is procedural in nature. His argument finds no support in either the law or logic. He cites no case that has relied upon such a distinction. More importantly, however, he fails to persuasively explain why an officer's good faith reliance on a procedural, or formal, defect in a warrant should be treated differently than a substantive defect. To repeat, here there is no dispute that Oconto County law enforcement had ample information to support a finding of probable cause to search Schubert's vehicle. Indeed, it is at least questionable whether a warrant was required in the first place. Schubert's argument goes entirely to the form in which the information held by law enforcement was conveyed to the issuing judge. Procedural rules, especially those that protect our homes and persons from unreasonable searches and seizures, are no doubt important, but the investigation and punishment of crime is not a game. Suppression of evidence is a drastic remedy that carries heavy costs. *Leon*, 468 U.S. at 907 ("The substantial social costs exacted by the exclusionary rule for the vindication of Fourth Amendment rights have long been a source of concern."). It should not be lightly ordered.

In *United States v. Guzman*, the Eighth Circuit found the good faith exception applicable under similar circumstances. 507 F.3d 681 (8th Cir. 2007). There, a law enforcement officer

prepared a warrant application and affidavit for a search warrant. The facts needed to support the issuance of the warrant, however, were in a separate incident report that the law enforcement officer forwarded to the magistrate along with the warrant application. Unlike here, however, the officer did not incorporate the report into his affidavit. The district court held the warrant invalid but concluded that the good faith exception applied. The Eighth Circuit affirmed, holding that under the totality of the circumstances, it was reasonable for the officer to believe the warrant was valid. The same conclusion applies here. Even if the warrant is not valid, it was reasonable for the officer to believe it was.

Accordingly, and for the reasons set forth, the motion to suppress is denied.

**SO ORDERED** this   9th   day of April, 2012.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge